# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

══════════════════

## NO. 03-04-00497-CR

══════════════════

**Ronnie Brock, Appellant**

**v.**

**The State of Texas, Appellee**

═══════════════════════════════════════════════════════════════════
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 3031604, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING
═══════════════════════════════════════════════════════════════════

## M E M O R A N D U M   O P I N I O N

Appellant Ronnie Brock was convicted for failure to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. art. 62.10(a)(2) (West Supp. 2004-05). The trial court sentenced him to three years' confinement in the Texas Department of Criminal Justice, Institutional Division. On appeal, Brock challenges the legal sufficiency of the evidence to support the conviction. We affirm.

## BACKGROUND

On February 16, 1993, Brock was convicted of the felony offense of indecency with a child by contact. The district court assessed punishment at ten years' confinement in the Texas Department of Criminal Justice, Institutional Division, suspended the imposition of sentence, and placed him on probation for a period of ten years. On November 9, 1993, Brock was found to have violated the terms of his probation, and the court revoked Brock's probation. The court reduced his

sentence to six years' confinement. Brock was released on May 11, 2000. Because indecency with a child is a "sexually violent offense," *see id*. art. 62.01(6)(A) (West Supp. 2004-05), Brock is required to register as a sex offender annually for life. *Id*. arts. 62.06(b), 62.12(a)(1) (West Supp. 2004-05).

Brock moved to Austin within days of his release. He failed to register as a sex offender with the Austin police department, violating article 62.02(a) of the code of criminal procedure, which requires a sex offender to register with the local law enforcement authority in any municipality where he resides or intends to reside for more than seven days. *Id*. art. 62.02(a). In May 2001, Brock was arrested for shoplifting. At that time, he was found to have failed to register as a sex offender. A warrant issued on August 21.[1]

On October 3, 2001, Brock registered with the Sex Offender Apprehension and Registration (SOAR) unit of the Austin police department. Sonia Carrion, an administrative specialist with the SOAR unit, handled his registration. The parties seem to indicate that registration is a somewhat time-consuming process. Memorializing his registration, Brock and Carrion both signed a release notification form that advised Brock of his duties as a sex offender, which included annual verification of his registration. By signing the notification form, Brock acknowledged that his failure to comply with all the requirements of chapter 62 would be a felony offense.

On January 14, 2002, Brock began serving a one-year sentence for shoplifting and for failure to register. He was released on September 13, 2002. On September 18, Brock attempted

---

[1] The record does not indicate if the warrant issued on the basis of the shoplifting event, failure to register, or both.

to register with the SOAR unit but was unsuccessful. On that date, Patricia Cardona of the Austin police department informed Brock that he did not have the necessary documentation to complete his registration. She advised Brock that he could obtain this documentation from the Department of Public Safety. She then scheduled Brock to return on September 23, 2002, to complete his registration. He did not return to the SOAR unit that year. Brock later testified that Cardona had never indicated to him that his registration was not complete and that he believed he had registered on September 18, 2002.

In January of 2003, Brock was arrested for failing to register. He was released on bond in March of 2003. On March 10, Brock registered with the SOAR unit. Cardona again handled his registration. Brock signed a release notification form similar to the one he had signed in October 2001, indicating that he understood his duties as a sex offender. This form again notified Brock that he had a duty to verify his registration annually. Unlike the form he signed in 2001, this form specified that the annual verification requirement came due on his birthdate. After Brock had registered, Cardona gave him a registration receipt issued by the Department of Public Safety, confirming that he had registered on that date. The receipt also noted that Brock's "anniversary date" was July 16, 2003, Brock's birth date. *See* Tex. Code Crim. Proc. Ann. art. 62.06(a) (West Supp. 2004-05) (sex offender who is not subject to 90-day reporting requirement must register with local law enforcement authority "once each year not earlier than the 30th day before and not later than the 30th day after the anniversary of the person's date of birth to verify the information in the registration form.").

On August 13, 2003, Brock remembered that the registration period was to expire in three days. He arranged for his sister, Yvette Lopez, to drive him to the police station the next

3

morning. On August 14, he called the SOAR unit and spoke to Cardona. She was not able to schedule him for an appointment until August 18.[2] Although this date was outside the statutory registration period, Cardona informed Brock that Jason Dusterhall, the detective handling Brock's case, had approved the appointment.[3] Brock did not report to the SOAR unit on August 18, the date of his appointment. Almost a year later, on June 10, 2004, Brock was arrested and later charged with failure to register as a sex offender. *See id*. art. 62.10(a)(2). Brock was found guilty after a bench trial, and the trial court assessed his punishment at three years' confinement in the Texas Department of Criminal Justice, Institutional Division. This appeal followed.

## DISCUSSION

Brock raises one issue on appeal. He complains that the SOAR unit, by not scheduling him for an appointment until August 18, prevented him from registering within the statutory period. Thus, he believes that the evidence is legally insufficient to support the trial court's finding that he possessed the requisite culpable mental state—that he acted *intentionally* or *knowingly*—in failing to comply with the requirements of the sex offender registration program. *See id*. art. 62.10(a)(2).

---

[2] The SOAR unit did not permit sex offenders to verify their registration without an appointment.

Brock does not remember that Cordona set an appointment for him. SOAR unit notes, admitted into evidence, support Cordona's testimony that she set an appointment on August 18 for Brock.

[3] Detective Dusterhall testified that it was the policy of the Austin Police Department to allow for late registration when the department was unable to accommodate the registrant within his statutory grace period.

In reviewing a legal sufficiency of the evidence claim, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). We do not resolve any conflict of fact or assign credibility to the witnesses, as that was the function of the trier of fact. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Instead, our duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in a light most favorable to the verdict. *Id*. at 422.

Article 62.10(a) of the code of criminal procedure provides that it is an offense if a person required to register as a sex offender fails to comply with any requirements in chapter 62. *See* Tex. Code Crim. Proc. Ann. art. 62.10(a). Chapter 62 sets out a number of situations under which a convicted sex offender must register. Specifically, article 62.06(a) provides:

> (a)   . . . A person subject to registration under this chapter who is not subject to the 90-day reporting requirement described by this subsection shall report to the local law enforcement authority designated as the person's primary registration authority by the department once each year not earlier than the 30th day before and not later than the 30th day after the anniversary of the person's date of birth to verify the information in the registration form maintained by the authority for that person. . . .

*Id*. art. 62.06(a).[4]

---

[4] Article 62.10 does not prescribe a culpable mental state. However, the indictment alleged that Brock intentionally or knowingly failed to comply with a requirement of the sex offender registration law, namely, that he failed to report to the local law enforcement authority with whom he was required to register once each year not earlier than the thirtieth day before and not later than the thirtieth day after the anniversary of his date of birth. *See* Tex. Code Crim. Proc. Ann. art. 62.06.

It is undisputed that Brock knew he was required to register within thirty days of his birthday. However, Brock claims that he did not remember to register until three days before the deadline and did not contact the SOAR unit until two days before the registration deadline. Because the SOAR unit was unable to accommodate Brock within this time period, Dusterhall approved an appointment for Brock to register on August 18. Cardona advised Brock that August 18 was past his grace period but that the SOAR unit would still accept his registration on that date.[5] Brock failed to appear for his appointment on August 18.

We note that article 62.06 does not require law enforcement to provide special accommodation for last-minute requests to register. Instead, article 62.06 requires the offender to register, to produce proof of identity and residence, and to complete a registration form. *See id*. art 62.06(a)-(c). However, recognizing that this process takes time, the SOAR unit had adopted a policy to set registration appointments only from Monday to Thursday between 10 a.m. and 5 p.m. When Brock called within the statutory period, Cardona provided him the first available appointment, which was outside the statutory deadline, according to Austin Police Department policy.

As a result, we can only conclude that the evidence is legally sufficient to support the conviction in this case. Brock had notice of the registration deadline, as evidenced by his signatures on his release forms and by his own acknowledgment during trial. The SOAR unit had no duty to accommodate his late request but did so. *See Varnes v. State*, 63 S.W.3d 825, 829 (Tex.

---

[5] Brock testified that Cardona informed him in their phone conversation of August 14 that, notwithstanding his appointment to register, a warrant would be issued for his arrest once the grace period expired. Brock testified that, on the basis of this information, he did not report to the SOAR unit on August 18 to verify his registration.

App.—Houston [14th Dist.] 2001, no pet.) (sex offender statute does not impose any penalties on State for failing to meet any of its requirements under statute, nor does it make convicted offender's duties contingent on State's fulfillment of its duties). Furthermore, Dusterhall testified that, if a sex offender registers on his appointment date set for after the statutory deadline, the SOAR unit will not file charges for failure to register, even though, technically, failure to register within the statutory grace period is a violation of the law. In an effort to accommodate Brock's last-minute effort to register, the SOAR unit set him such an appointment, which Brock failed to keep. Viewing all the evidence in the light most favorable to the verdict, we hold that the evidence is legally sufficient to support the trial court's finding of guilt. We overrule Brock's issue.

## CONCLUSION

Having overruled Brock's sole issue on appeal, we affirm the judgment of the trial court.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: May 26, 2005

Do Not Publish